TOM PERRY V. THE STATE.

No. 23374. Delivered June 12, 1946.

The opinion states the case.

*J. Benton Morgan,* of Greenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the theft of chickens, and by the jury fined the sum of $100.00, and he appeals.

The facts herein show that appellant was indicted for the unlawful taking of four chickens from John Watson about October 19, 1945. The testimony shows that Mr. Watson lost some chickens on the above date, and that on that date Mr. Calloway, who lived about 300 yards distant from Watson, the man who lost the chickens, saw two men in appellant's car on the public road; these men stopped their car, got out of it, and one went to the side of the road and picked up a sack in which some chickens were heard to make a noise, and he put the sack in the back of the Perry car, and the car moved away. Some half an hour or so thereafter Mr. Calloway met these men on the highway and requested to be allowed to search their car, which request was refused. Thereafter Mr. Mackey, who seems to be charged with this same offense, sold these four chickens for $2.80, and they were recovered by Watson and Mackey repaid the $2.80 to the person who had purchased the chickens. Mackey took the stand and acknowledged that he had stolen the chickens, but denied that appellant was present at the theft or knew anything about it. He testified that appellant had a crippled hand, and that Mackey was driving appellant's car on a trip to Greenville; that they passed where the stolen chickens were lying in a sack, where he had placed them, and that he stopped the car and got out and put the sack of chickens in the

back of the car; that appellant objected to carrying the chickens, and after driving about three miles Mackey again stopped the car and took the sack of chickens out and put them by the side of the road. In a day or so he came back and got the chickens and took them into town and sold them. That Perry had nothing to do with the theft, nor with the sale, nor the money received therefor. Appellant testified in substance about the same as Mackey.

The trial court in his charge to the jury made the guilt of appellant depend on the law of principals, and upon appellant's presence at the time of the commission of the offense, and his aiding Mackey in the taking of the chickens. There is no testimony in the record indicating or tending to show that appellant was thus present. The only testimony showing any connection with any chickens comes from the fact that Mackey and appellant placed a sack of chickens in appellant's car. Evidently these chickens had been taken previously and placed in a sack, and the sack placed near the roadside, and the only circumstance of probable guilt shown relative to appellant was the fact that a sack of chickens was placed in his car after they had been stolen by some one, evidently the previous night.

We are impressed with the belief that the only connection herein shown of appellant with these chickens relates to the receiving and concealing such property after same had been stolen by another, and under such a belief we think the testimony insufficient to show his theft of the chickens.

"An indictment which only charges theft will not support a conviction for receiving or concealing stolen property," citing cases. Branch's Crim. Law, Sec. 817, page 519; also see 41 Tex. Jur., p. 34, et seq., idem, p. 170.

The opinion is expressed that the facts herein are not sufficient to overcome the presumption of innocence and show beyond a reasonable doubt tht appellant participated in the theft of these chickens for which he is charged.

The judgment will therefore be reversed and the cause remanded.